UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:22-CV-952-WO-JEP

| | |
|---|---|
| REBECCA FOX, AS GUARDIAN AD LITEM FOR R.S., A MINOR CHILD AND INDIVIDUALLY<br><br>*Plaintiffs*,<br><br>v.<br><br>CHAPEL HILL-CARRBORO CITY SCHOOLS BOARD OF EDUCATION NORTH CAROLINA; MISTI WILLIAMS, in her individual and official capacity; EMILY BIVINS, in her individual and official capacity; SUZETH GONZALEZ, in her individual and official capacity; AND QUAMESHA WHITTED-MILLER, in her individual and official capacity.<br><br>*Defendants.* | **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' NOTICE TO THE COURT ON PENDING MOTION TO SHOW CAUSE AND FOR SANCTIONS [DE 127] [DE 141]**<br><br>Electronically Filed |

**NOW COMES**, Plaintiffs, hereinafter referred to as ("R.S.") by and through their counsel of record, Shayla C. Richberg, pursuant to Local Rule 7.3 and respectfully submits this Memorandum in Opposition of Defendants' Notice for additional ruling on Defendants' Motion to Show Cause and Motion for Sanctions.

### NATURE OF THE CASE

During the 2019-2020 school year R.S. attended Frank Porter Graham Bilingue Elementary School, (hereinafter "Defendant School") to complete her kindergarten education.

Also, R.S.'s mother (hereinafter "Guardian") was employed at Defendant School. (Third Compl. ¶ 25) . During the fall semester R.S. experienced repeated sexual abuse from Minor Classmate while under the care of Defendant School. As a result of Guardian's continued concern for R.S.'s safety at Defendant School and Defendants half-hearted concern for the safety of their students, Guardian withdrew R.S. from Defendant School on or around December 5, 2019. [DE 73, ¶¶106,107]. On December 20, 2019, with the assistance of separate Counsel, Guardian requested and obtained several emails and a redacted version of Defendant Bivins' Investigation report. [DE 94.16, 94.30, 94.31, 94.32]. Additionally, Guardian was in possession of an audio and transcript of audio of the interview R.S. had with Defendant Bivins, that she recorded on her cell phone. [DE 105]. Also, Guardian, without the assistance of counsel, requested and received a redacted copy of R.S.'s police report. [DE 94.18]. After reviewing the documentation received Guardian discovered that Defendant Bivins withheld material information connected to R.S.'s abuse, including but not limited to Defendants request to transfer R.S to another school, thus she initiated legal action. [DE 1]. [DE 94.32, p. 4].

On December 13, 2022, the *News and Observer* published an article about R.S.'s lawsuit and highlighted Defendants' history of being deliberately indifferent to reports of student- sexual abuse from 2011 to 2021. (Exhibit 1). On July 19, 2023, Parties entered into a consent protective order to facilitate the flow of discovery. [DE 30]. Despite parties' discovery order, Defendants continued to assert baseless objections and produced very little discovery in response to Plaintiff's discovery requests, prompting Plaintiff to elicit discovery from third party witnesses. On or around September of 2023, Plaintiff's Counsel contacted Chapel Hill Police Department about obtaining a public records requests of police reports containing allegations of sexual abuse where Defendant School was named as a party. Plaintiff's Counsel was informed that she could obtain redacted

2

copies, but in order to obtain reports showing names of parties a protective order was needed, thus Plaintiff's Counsel provided a copy of such. [DE 128.4]. After obtaining production from the Police Department Plaintiff disclosed all produced records to Defense Counsel. On February 23, 2024, Plaintiff filed an Amended Complaint alleging claims against the Defendant for: (1) Violation of Title IX; (2) Violation of the 14th Amendment pursuant to §1983; (3) Negligent Infliction of Emotional Distress; (4) Negligent Supervision and Retention; and (5) Parental Loss of Services and Companionship. [DE73]. Subsequently on 15 April 2024, Defendants moved for Summary Judgment.

On or around September 13, 2024, Guardian posted an article on Chapelboro's viewpoints column highlighting her experiences as a mother navigating a frustrating legal system to obtain justice for her minor daughter, due to her assailant being a minor, who could not receive a juvenile petition, therefore heightening Defendant Schools legal responsibility to her keep minor daughter safe but failed to do so. (Exhibit 2). On October 11, 2024, Defendants filed a motion for sanctions alleging that Guardian's publication in Viewpoints violated the consent protective order by: (1) directly quoting a confidential document provided by Defendants in discovery, (2) posting Guardian's audio of R.S.'s interview on YouTube, and that (3) Plaintiff failed to follow the proper procedure before disputing confidential designations. [DE 127]. On October 15, 2024, Plaintiff filed a response in Opposition to Defendants' Motion for Sanctions. [DE 130].

On November 5, 2024, this Court addressed Defendants' Motion for Sanctions and took the motion under advisement. On March 31, 2025, this Court dismissed R.S.'s complaint and instructed Defendants to meet and confer with Plaintiff's counsel and for Defendants to send notice to the court if further order from the Court was necessary to address Defendants' Motion for Sanctions. [DE 139]. On April 4, 2025, out of respect for the Court Plaintiff contacted Chapelboro

3

to retract her September article to replace it with a revised article that removed her reference to the other complaints issued against the Defendants, since it appeared that the Court took issue with that sentence of the article. (Exhibit 3). While Plaintiff was unable to retract her statement her new article was published above her original article and the editor placed a copy of this Court's Order above Guardian's article and renamed her publication title. (Exhibit 4). Pursuant to the Court's order parties met and conferred to discuss the terms defense counsel sent to Plaintiff in email on April 23, 2025. [DE 141]. On April 29, 2025, Plaintiff's Counsel informed Defense Counsel during their meet and confer, that Plaintiff was not willing to accept Defendants offer to forego her right to refile her State Claims and Appeal this Court's order, in exchange for Defendants not moving forward with their motion for sanctions. Id. Plaintiff submits this memorandum in further support of her opposition to Defendants' Motion for Sanctions.

## STATEMENT OF FACTS

R.S. while attending Kindergarten at Frank Porter Graham Bilingue Elementary School, (hereinafter "Defendant"), was sexually assaulted by her classmate on numerous occasions while at school. On or around November 1, 2019, R.S.'s mother reported the incident to Defendant, after noticing redness and irritation on R.S.'s private parts. R.S. informed her mother that a minor classmate on more than one occasion touched her private parts. R.S. informed her mother that on November 1, 2019, while in the classroom Minor Classmate touched her panties and moved them back and forth with his hand. R.S. also informed her mother that during recess Minor Classmate touched her privates. R.S. informed her mother that on one occasion minor classmate touched her privates while at recess five times. Later, R.S. informed guardian that Minor Classmate stuck his fingers inside R.S. vagina and anus. In response to the incident and the investigation that took place, Plaintiff is filling this lawsuit upon information and belief that Defendants failed to provide

4

a safe environment for R.S. and that she was treated differently that the other students at Defendant School due her sex, gender, and ethnicity. Additionally, R.S.'s mother is seeking compensation for the trauma caused to her from Defendants deliberate indifference to her trauma.

## STANDARD OF REVIEW

"The reasons for granting a protective order to facilitate pre-trial discovery may or may not be sufficient to justify proscribing the First Amendment right of access to judicial documents." Mathis v. Caswell Cnty. Sch. Bd. of Educ., 2022 U.S. Dist. LEXIS 146855, *23-25. Discovery, "which is ordinarily conducted in private, stands on a wholly different footing than does a motion filed by a party seeking action by the court." Id. Thus, "the party seeking to seal documents bears the burden to show that such relief does not violate the First Amendment even if the documents were subject to a pretrial discovery protective order. Id.

Broad gag orders are restraints on expression and raise First Amendment concerns. United States ex rel. Davis v. Prince, 753 F. Supp. 2d 561, 568. In the Fourth Circuit, district courts may restrict extrajudicial statements by parties and counsel only if those comments present a "reasonable likelihood" of prejudicing a fair trial. Id. Gag orders are presumptively unconstitutional because they are content based. Rupa Vickers Russe v. Harman, 2021 U.S. Dist. LEXIS 208894, *5. Content-based restrictions target "particular speech because of the topic discussed or the idea or message expressed." Id. Gag orders inherently target speech relating to pending litigation, a topic right at the core of public and community life. But the "government has no power to restrict expression because of its message, its ideas, its subject matter, or its content." Id.

"Before entering sanctions, however, the court must consider: (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the

adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective. Belk v. Charlotte-Mecklenburg Bd. of Educ., 269 F.3d 305, 348 (4th Cir. 2001).

## ARGUMENT

### I. PLAINTIFF DID NOT VIOLATE THE PROTECTIVE ORDER

Defense counsel has erroneously construed the parties' protective order to be a gag order. Pursuant to the parties' protective order documents "may" be marked confidential to restrict the use of the documents designated confidential. [DE 30, ¶5]. However, marking a document confidential shall **not** prevent a party from disclosing, revealing, or using any documents, or materials, that (1) is already in the possession of that party, (2) is a matter of public record, or (3) was lawfully obtained from another source. [DE 30, ¶13].

*Identities of Minors Were Not Disclosed*

Defendants assert that Plaintiff sought and obtained documents and information from non-parties which included non-minors' names without any redactions and "intentionally publicized confidential designations on documents and information. [DE 128]. However, contrary to Defendants' assertions anything that was filed with the court provided the necessary redactions of all minor names pursuant to the confidentiality order. Additionally, Guardian's article did not disclose any names, including R.S., in her article.

*The Audio Is Not Confidential and Therefore Does Not Violate the Protective Order*

Pursuant to paragraph 13 of parties consent protective order, this order does not prevent a party from disclosing, revealing, or using documents, materials, or other information that (1) is already in the possession of that party, (2) is a matter of public record, or (3) was lawfully obtained from another source. [DE 30, ¶13]. Here, the audio in question and transcript of the audio is the

6

<u>sole property</u> of Plaintiff that was already in her possession prior to this action and was <u>never produced or given to Guardian</u> by the Defendants during the course of discovery, therefore Plaintiff's audio is not material nor information that is covered by the parties' protective order. Additionally, while Plaintiff did provide Defendants with a copy of her audio and the transcript during discovery she never marked or deemed her audio or the transcript to be confidential. The protective order itself does not automatically deem documents confidential as parties are required to make the confidential designation. [DE 30, ¶5]. Plaintiff marked all of her discovery with a confidential stamp and bates number to properly identify those documents she deemed to be confidential, and her audio recordings were not marked.

While Defendants contend that Plaintiff was required to make an attempt to confer with them to allow them the opportunity to challenge the confidentiality of the audio and transcript, such restriction is not asserted in parties' consent protective order, as the audio and transcript were not marked confidential, thus there was nothing to challenge. [DE 30, ¶11]. Moreover, a defendant has no justifiable expectation of privacy when he speaks with someone… and is unaware that a recording device is concealed in the room. As long as one of the parties to a conversation knows of and consents to the recording. <u>United States v. Cox</u>, 836 F. Supp. 1189, 1193. This Court has consistently ruled that a person who converses with another, whether in person or by telephone, has no constitutionally protected expectation that his listener is not capturing his words on tape… the speaker assumes the risk that his auditor may repeat the conversation to others. <u>United States v. Cox,</u> 836 F. Supp. 1189, 1193.

Moreover, the protective order at this stage of the litigation is not applicable to the audio and documents that have now been made a matter of public record as matters of public record are not covered by the parties' protective order. [DE 30, ¶13]. Plaintiff's audio is a matter of public

7

record and has been filed with this Court and free to be accessed by the public. [DE105] Plaintiff was careful to redact all names including R.S. and parents to prevent cross referencing.

Thus, nothing in the parties' protective order prevents Plaintiff from posting her personal recording. The audio and transcript referenced in the article does not violate the protective order nor is it prejudicial to a fair trial process, as this audio and transcript are admissible to demonstrate Defendants deliberate indifference to R.S.'s constitutional rights. Moreover, this Court has dismissed Plaintiff's complaint, so any such prejudice is moot.

***The Email Referenced in the Article Does Not Violate the Protective Order***

Defendants claim that Guardian violated parties' protective order because she included the quote "This just won't end. Go to Carrboro already," in her article. [DE 128.2]. However, as previously discussed parties consent protective order does not cover documents or information, that (1) is already in the possession of that party, (2) is a matter of public record, or (3) was lawfully obtained from another source. [DE 30, ¶13]. Here, Guardian received the referenced email from her prior Attorney through a request for records, therefore this email was already lawfully in Guardian's possession. (Exhibit 5). Additionally, Plaintiff filed this email as an exhibit to her opposition for summary judgment, thus such email is a matter of public record and no longer covered by parties' protective order. [DE 94.32, p. 4].

Consequently, the e-mail referenced in the article does not violate the protective order nor is it prejudicial to a fair trial process, as this email is admissible to demonstrate Defendants deliberate indifference to R.S.'s constitutional rights. Moreover, this Court has dismissed Plaintiff's complaint, so any such prejudice is moot.

***Reference of Defendants History of Complaints is Not Protected***

Defendants claim that Guardian violated parties' protective order because she stated that she was horrified to learn of "at least seven student-on-student sexual assaults occurring at FPG." (Exhibit 2). However, as previously discussed parties consent protective order does not cover documents or information, that (1) is already in the possession of that party, (2) is a matter of public record, or (3) was lawfully obtained from another source. [DE 30, ¶13]. Here, the prior article published by the News and Observer already disclosed Defendants' propensity to cover up abuse to their students reported as early as 2011 to 2021. (Exhibit 1). While parties received copies of <u>unredacted</u> police reports during the course of discovery, the information that was obtained pursuant to parties' protective order was the <u>names of the minors</u> and **not** the police reports themselves, which reported factual incidents of sexual abuse to students under the care of Defendants. Thus, "police reports are admissible under the public records and reports exception to the hearsay rule contained in Rule 803(8) since they are reports of a public office setting forth factual findings resulting from an investigation made pursuant to authority granted by law." <u>Buckman v. Bombardier Corp.,</u> 893 F. Supp. 547, 563. Additionally, in support of Plaintiff's opposition to Summary Judgment, Plaintiff filed disclosed police reports referenced in Guardian's email properly redacting all names, therefore the information pertaining to the number of reports are factual contentions not covered by parties' protective order. [DE 94.18, 94.19, 94.20, 94.21, 94.25, 94.26].

Consequently, the number of reports of student-on-student sexual assault reported to have occurred at Defendant School does not violate the protective order since it provides no identifying information on the minors nor is it prejudicial to a fair trial process, as Defendants' propensity in failing to provide a safe school environment is admissible to demonstrate Defendants' deliberate

9

indifference to R.S.'s constitutional rights. Moreover, this Court has dismissed Plaintiff's complaint, so any such prejudice is moot.

## II. FIRST AMENDMENT RESTRICTIONS ARE NOT WARRANTED

Defendants' interpretation of the Protective Order appears to be erroneous, as it resembles a gag order which would be an unconstitutional restriction on Plaintiff's First Amendment right to free speech. The protective order did not intend to prohibit any party from making extrajudicial statements, yet Defendants are attempting to use this order as a way to prevent Guardian from expressing her free speech. Plaintiff's article is expressing her "viewpoint" as a concerned mother to the potential dangers to student safety that she believes she has observed and experienced at the hands of public officials. While Defendants disagree with Guardian's observation, Plaintiff is entitled to her own opinion and is free to express such. Nothing in Plaintiff's speech would present any prejudice to a fair trial, as even the Defendants stated that they did not find her Viewpoints article to be persuasive. (Exhibit 2). Additionally, the statements presented in the article do not present "a reasonable likelihood" of tainting the jury pool as Defense Counsel asserted, as all statements asserted in the article would have been admissible at trial. [DE 128]. The admissibility of such statements is further supported by Defendants offering Plaintiff's article as one of their trial exhibits. [DE112]. However, in light of this Court's dismissal of Plaintiff's complaint, there is no longer a trial to taint, thus, Defendants' Motion to Show Cause and for Sanctions is moot.

Moreover, even with the Court's dismissal, Guardian, out of respect for this Court, made an effort to retract her article and replace it with a revised version that removed the contested sentence referencing the number of cases which the Court had identified as potentially problematic. (Exhibit 3).

Consequently, when balancing Guardians First Amendment rights against any alleged prejudice to a trial that will no longer be occurring, such prejudice is moot and there is no real threat to a fair trial process for Defendants warranting the limitations of Guardian's First Amendment rights.

## III. SANCTIONS ARE NOT WARRANTED

Sanctions are not warranted in this case. Although the Plaintiff has actual knowledge of the existence of the Protective Order, as it was filed jointly, the Defendants have failed to demonstrate that Guardian and Plaintiff's Counsel have acted in bad faith. Guardian's article and YouTube video have not disclosed any information that was not already in her possession or that was later made a matter of public record. Defendants' disagreement with the viewpoint of Guardian does not define Guardian or Plaintiff's counsel's actions as bad faith. Additionally, while Defense Counsel made numerous comments regarding her "subjective" view of counsel's discovery disputes, alleged nonresponses to her emails, Plaintiff's Counsel's right to defend herself and professional obligations to her clients, and A.P.'s legal right to file a lawsuit, such matters are not before this Court and should be disregarded and not a basis to determine that Plaintiff or Plaintiff's Counsel acted in bad faith.

Moreover, Defendants have failed to demonstrate that they have suffered or would suffer harm. The Defendants claim that the alleged "violations" would prejudice them in a jury trial, however, this argument is moot, as the Court has already dismissed the case. The Defendants have not provided evidence of any additional harm caused by the online article in violation of the Protective Order.

## CONCLUSION

For the reasons set forth above, Plaintiff has not violated the parties' protective order and Defendants have suffered no harm from Guardian's publication. Accordingly, Plaintiff respectfully requests that the Court Deny Defendants' Motion to Show Cause and Motion for Sanctions and award Plaintiff Attorney's fees and costs for responding to this motion.

This the 16th day of May 2025.

**RICHBERG LAW**

/s/ Shayla C. Richberg
Shayla C. Richberg, Atty for Plaintiff
3326 Durham-Chapel Hill Blvd. B-120A
Durham, NC 27707
Phone: (919) 403.2444
Fax: (919) 869.1440
DefendMe@RichbergLaw.com
State Bar No. 44743

## CERTIFICATE OF COMPLIANCE

This memorandum complies with the word limit under Local Rule 7.3(d)(1) and does not exceed 6,250 words, but rather only 3,461 words.

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing document was electronically filed with the Clerk of Court using CM/ECF, which will send notification of such filing to the following:


Rodney E. Pettey, Bar No.: 17715
Alayna M. Poole, Bar No.: 57880
*Attorneys for Defendant*
Pettey & Partrick, L.L.C.
4800 Falls of Neuse Road, Suite 160
Raleigh, North Carolina 27609
Tel: (919) 719-6019/(919) 719-6050
Facsimile: (919) 835-0910
Email: rpettey@rpsplaw.com
apoole@rpsplaw.com


This the 16th day of May 2025.

                                            /s/ Shayla C. Richberg
                                            Richberg Law
                                            3326 Durham-Chapel Hill Blvd. B-120A
                                            Durham, NC 27707
                                            Phone: (919) 403.2444
                                            Fax: (919) 869.1440
                                            DefendMe@RichbergLaw.com
                                            State Bar No. 44743
                                            Attorney for Plaintiff